UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CALVIN SMITH,

        Petitioner,        Case No. 1:17-cv-483

v.        Honorable Janet T. Neff

SHANE JACKSON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

# Factual Allegations[1]

On July 11, 2013, Petitioner Darryl Calvin Smith "shoplifted" at a Family Dollar Store in Kent County, Michigan. A Family Dollar employee confronted Petitioner on his way out of the store. Petitioner employed force to effect his exit, force directed at the Family Dollar employee as well as a customer who intervened.

Petitioner was arrested for these offenses during August of 2013. He was charged with two counts of unarmed robbery[2] for employing force against the store employee and the customer on his way out of the store. MICH. COMP. LAWS § 750.530(1). Petitioner was held in the county jail pending his trial; however, the trial court authorized his release upon the posting of a $20,000.00 bond. Petitioner did not post the bond.

The trial court held a status conference on October 8, 2013. The court scheduled Petitioner's case for a March 24, 2014 trial. In November, December, and January, Petitioner's counsel filed motions to reduce Petitioner's bond. The trial court denied the first two motions, but in January, because of the delay in proceeding to trial, the trial court authorized a reduction in the bond amount. Petitioner, however, was not able to post the reduced bond, so he remained in the county jail.

During March of 2014, Petitioner's counsel filed a motion to reduce the bond further to permit Petitioner's release pending trial. On March 24, 2014, the date scheduled for Petitioner's trial, the judge was unavailable to proceed, so trial was adjourned. Nonetheless, the court entered

---

[1] The facts set forth below are derived from Petitioner's Memorandum of Law (ECF No. 2), the Michigan Court of Appeals opinion (ECF No. 2-1, PageID.44-46), and the Kent County Circuit Court docket in Petitioner's case.

[2] Petitioner argued that the Family Dollar Store employee, in confronting him, violated store policy and effectively converted a simply retail fraud into an unarmed robbery. *People v. Smith*, No. 323016, 2015 WL 8538930 (Mich. Ct. App. Dec. 10, 2015).

an order authorizing Petitioner's release on a personal recognizance bond. The bond was posted on March 26, 2014, and Petitioner was released. Petitioner's trial was rescheduled for June 2, 2014, and the trial proceeded on that date.

Before jury selection began, Petitioner rejected a plea offer to one count of unarmed robbery with sentencing as a habitual offender-third offense. Also prior to jury selection, the court granted the prosecution's motion *in limine* to exclude evidence regarding: (1) the Family Dollar Store's policy instructing employees to not block a shoplifter's way as he attempts to leave the store; and (2) the employee/victim's violation of that policy.

Petitioner's 3-day jury trial resulted in guilty verdicts on both counts of unarmed robbery. On July 17, 2014, Petitioner was sentenced as a habitual offender-fourth offense, MICH. COMP. LAWS § 769.12, to concurrent terms of imprisonment of 9 to 27 years with credit for 277 days, the time he spent in the county jail: (1) after his arrest and before his release; and (2) after the verdict but before sentencing.

Petitioner appealed his convictions raising two issues:

> I. WAS DEFENDANT DENIED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WHEN, THROUGH NO FAULT OF DEFENDANT, TRIAL DID NOT COMMENCE IN TIMELY MANNER?
>
> II. DEFENDANT WAS DENIED THE RIGHT TO DUE PROCESS AND FUNDAMENTAL FAIRNESS TO PRESENT A DEFENSE WHEN HE WAS NOT ALLOWED TO PRESENT EVIDENCE THAT STORE POLICY WAS VIOLATED, WHICH ESCALATED THE OFFENSE FROM A MISDEMEANOR TO A FELONY?

(Pet., ECF No. 1, PageID.16.) The Michigan Court of Appeals affirmed the convictions by unpublished opinion entered December 10, 2015. *People v. Smith*, No. 323016, 2015 WL 8538930 (Mich. Ct. App. Dec. 10, 2015). Petitioner then filed an application for leave to appeal in the

Michigan Supreme Court, raising the same issues he had raised in the court of appeals. (Appl. for Leave to Appeal, ECF No. 2-1, PageID.57, 61.) That court denied leave by order entered May 24, 2016. *People v. Smith*, 878 N.W.2d 865 (Mich. 2016). Petitioner did not file a petition for certiorari in the United States Supreme Court. (Pet., ECF No. 1, PageID.3.)

On May 30, 2017, Petitioner filed his habeas petition in this Court raising one compound issue:

> WAS DEFENDANT DENIED HIS SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL; AND THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION TO DISMISS ON THOSE GROUNDS. US CONST AM VI?

(Pet.'s Br., ECF No. 2, PageID.30.)

## **Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. \_\_, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. \_\_\_, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no

'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Petitioner's contention that his convictions were unconstitutional because of a "speedy trial" violation falls short under the AEDPA standard.

In *Brown v. Romanowski*, 845 F.3d 703 (6th Cir. 2017), the Sixth Circuit Court of Appeals recently reviewed the clearly established federal law with respect to the constitutional requirement for a speedy trial:

> The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. These rights apply to the states through the Fourteenth Amendment. *Klopfler v. North Carolina*, 386 U.S. 213, 223 (1967). The purpose of the speedy-trial guarantee is to protect the accused against oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost or memories diminished. *Doggett v. United States*, 505 U.S. 647, 654 (1992); *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986); *United States v. MacDonald*, 456 U.S. 1, 7-8 (1982); *Barker v. Wingo*, 407 U.S. 514, 532-33 (1972); *United States v. Marion*, 404 U.S. 307, 320 (1971); *United States v. Ewell*, 383 U.S. 116, 120 (1966). The sole remedy for a violation of the speedy-trial right is dismissal of the charges. *See Strunk v. United States*, 412 U.S. 434, 439-40 (1973); *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999).
>
> In *Barker*, the Supreme Court established a four-factor test for determining whether a defendant has been denied the constitutionally guaranteed

right to a speedy trial. *Barker* held that a court must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. No one factor is dispositive. Rather, they are related factors that must be considered together with any other relevant circumstances. *Id.* at 533.

*Brown*, 845 F.3d at 712.

The Michigan Court of Appeals' analysis tracks the *Barker* four-factor test:

The constitutional right to a speedy trial "guarantee[s] criminal defendants a speedy trial without reference to a fixed number of days." *People v. McLaughlin*, 258 Mich App 635, 644, 672 NW2d 860 (2003). "When a defendant claims a violation of this right, the trial court must consider four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) any prejudice to the defendant." *Id.* "When the delay is more than 18 months, prejudice is presumed, and the prosecution must show that no injury occurred." *People v. Rivera*, 301 Mich App 188, 193, 835 NW2d 464 (2013). However, "[w]hen the delay is less than 18 months, the defendant must prove that he or she suffered prejudice." *Id.* "The time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *Id.* (citation and quotation marks omitted).

Here, the length of the delay between defendant's arrest and the start of trial was approximately 10 months. Because the delay was less than 18 months, prejudice cannot be presumed. With respect to prejudice suffered, defendant only argues that he was required to spend more time in jail, which appears to relate to prejudice to his person. Defendant did not support this argument, failing to demonstrate a sufficient showing of prejudice based on oppressive pretrial incarceration leading to anxiety or concern. *See People v. Collins*, 388 Mich 680, 694, 202 NW2d 769 (1972) ("There are two types of prejudice which a defendant may experience, that is, prejudice to his person and prejudice to his defense[,][and][p]rejudice to his person would take the form of oppressive pretrial incarceration leading to anxiety and concern."). Additionally, defendant has not shown any prejudice to his defense. Further, we have reviewed the remaining factors and find that they do not demonstrate that defendant's right to a speedy trial was violated; the length of the delay was not presumptively prejudicial, most of the delays appear to have been attributable to docket congestion and scheduling issues, and defendant did not specifically assert his constitutional right to a speedy trial. There was no error.

*Smith*, 2015 WL 8538930, at *1.

In the Michigan state courts, the right to a speedy trial is guaranteed by the United States constitution, U.S. Const. amend VI; the Michigan constitution, Mich. Const. 1963 art.1, § 20; state statute, MICH. COMP. LAWS § 768.1; and court rule, MICH. CT. R. 6.004(D). *People v. Cain*, 605 N.W.2d 28, 111 (Mich. Ct. App. 1999); *People v. McLaughlin*, 672 N.W.2d 860, 867 (Mich. Ct. App. 2003). The Michigan state courts apply the *Barker* four-factor test "to determine if a pretrial delay violated a defendant's right to a speedy trial[,]" whether the speedy trial right at issue arises from federal or state law. *Cain*, 238 Mich. App. at 112 (citing *People v. Collins*, 202 N.W.2d 769 (Mich. 1972)).[3] Thus, it cannot be said that the state courts applied the wrong standard in evaluating Petitioner's "speedy trial" claim.

The *Barker* Court acknowledged that its test was a flexible balancing test and, thus, "necessarily compels courts to approach speedy trial cases on an *ad hoc* basis." *Barker*, 407 U.S. at 529-530. The flexibility of the test has significant implications for this Court's review under the AEDPA standard. "'The more general the rule at issue'–and thus the greater the potential for reasoned disagreement among fair-minded judges–'the more leeway [state] courts have in reaching outcomes in case-by-case determinations.'" *Renico v. Lett*, 559 U.S. 766. 776 (2010) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Michigan Court of Appeals' balancing of the four factors does not appear to be unreasonable. The length of delay in this instance was not remarkable. "[A] delay is presumptively

---

[3]Although the state courts apply the clearly established federal law, the *Barker* test, to evaluate "speedy trial" claims, they apply it a little differently than the federal courts. The state courts shift the burden of proof with respect to prejudice based on the length of the delay, drawing the line at 18 months. *Cain*, 238 Mich. App. at 112. The federal courts, however, eschew such a "bright-line rule." *Brown*, 845 F.3d at 717. Instead, the federal "courts must conduct a functional analysis of the right in the particular contest of the case." *Id.* (quoting *United States v. Ferreira*, 665 F.3d 701, 709 (6th Cir. 2011)(quoting *Barker*, 407 U.S. at 522)) (internal quotation marks omitted). This is a difference between the federal and state applications of the test, but the difference does not render the state court's application unreasonable or contrary to *Barker*. *See, e.g., Brown v. Bobby*, 656 F.3d 325, 329-330 (6th Cir. 2011) (court concluded Ohio's use of a 270 day rule was not "contrary to" *Barker*).

prejudicial when it approaches one year." *United States v. Gardner*, 488 F. 3d 700, 719 (6th Cir. 2007). Delays of less than a year, on the other hand, might be so ordinary that they do not even trigger analysis of the other factors. *Doggett v. United States*, 505 U.S. 647, 651-652 (1992). Indeed, the Sixth Circuit has suggested that a "ten-month delay . . . is likely right at the line to trigger an analysis of the remaining factors." *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). Certainly, the court of appeals conclusion that prejudice cannot be presumed from a ten-month delay is not unreasonable.

The Kent County Circuit Court docket sheet indicates that neither the prosecution nor the defense was responsible for the delay in this instance. Rather, the unavailability of the trial judge required rescheduling of the trial. Although "[a] deliberate attempt to hamper the defense should be weighted heavily against the government . . . , [a] more neutral reason such as . . . overcrowded courts should be weighted less heavily . . . ." *Barker*, 407 U.S. at 531. The court of appeals concluded that the delay in Petitioner's case was a product of docket congestion and court scheduling issues. That determination is not unreasonable; it is well-supported by the trial court docket.

With regard to the third factor, the court of appeals determined that "defendant did not specifically assert his constitutional right to a speedy trial." *Smith*, 2015 WL 8538930 at *1. At first blush, that determination appears to be unreasonable. Petitioner alleges, and the trial court docket supports, that Petitioner's counsel moved for relief from the bond requirement because of the delay in proceeding. But, release on a personal recognizance bond is relief afforded specifically under the Michigan Court Rules and is distinct from relief provided for a constitutional violation of the speedy trial right. Michigan Court Rule 6.004, titled "Speedy Trial," provides:

> (A) **Right to a Speedy Trial.** The defendant and the people are entitled to a speedy trial and to a speedy resolution of all matters before the court. Whenever the defendant's *constitutional* right to a speedy trial is violated, the defendant is entitled to dismissal of the charge with prejudice.
>
> \* \* \*
>
> (C) **Delay in Felony and Misdemeanor Case; Recognizance Release.** In a felony case in which the defendant has been incarcerated for a period of 180 days or more . . . , the defendant must be released on personal recognizance . . . .

MICH. CT. R. 6.004 (italics emphasis added). As Petitioner sought release on personal recognizance after 180 days of incarceration rather than dismissal of the charge with prejudice, it was not unreasonable for the court of appeals to determine that Petitioner had failed to assert his *constitutional* right to a speedy trial.

Finally, with respect to prejudice, the *Barker* Court identified three specific categories of harm that might accrue to a pretrial detainee because of undue delay in proceeding with trial: "(i) . . . oppressive pretrial incarceration; (ii) . . . anxiety and concern of the accused; and (iii) . . . the defense [could] be impaired." *Barker*, 407 U.S. at 532 (footnote omitted). The court of appeals acknowledged that despite Petitioner's release from incarceration in March, he had suffered some prejudice to his person by virtue of his nearly eight-month pretrial incarceration. Nonetheless, the court of appeals also noted that Petitioner had failed to identify how his defense was impaired in any respect and offered nothing to establish that he suffered particular anxiety or concern because of the accusation.

The court of appeals concluded that, in balancing the factors, the pretrial incarceration was not sufficiently oppressive to establish a speedy trial violation. Whether this Court would weigh the factors the same way is immaterial. All that matters is whether or not Petitioner has shown that the court of appeals' determination was objectively unreasonable. He has

failed to make that showing. To the contrary, the Michigan Court of Appeals factual determinations and its application of the *Barke*r test, the clearly established federal law, were eminently reasonable.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  June 14, 2017                     /s/ Janet T. Neff
                                          Janet T. Neff
                                          United States District Court Judge